# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

RODNEY S.,

                Plaintiff,

v.                                           3:20-CV-810 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

RODNEY S., Plaintiff Pro Se
JESSICA RICHARDS, Special Asst. U.S. Attorney, for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

This case was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1, and the consent of the parties. (Dkt. No. 12). On April 2, 2021, the Commissioner filed a Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g). The pro se plaintiff did not respond to the Commissioner's motion by the April 23, 2021 deadline set by the court.

The Commissioner concedes that the Administrative Law Judge ("ALJ") did not consider the May 2019 opinion of plaintiff's primary care provider, Dr. Hollandt, (Administrative Transcript ("T.") 227-28), in accordance with the applicable regulations. Further, the Commissioner acknowledges that the administrative record required further development, in particular, by obtaining pertinent treatment notes of Dr. Hollandt. "When there are gaps in the administrative record or the ALJ has applied

an improper legal standard . . . remand to the Secretary for further development of the evidence" is generally appropriate.  *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980).  However, this court cannot conclude that "substantial evidence on the record as a whole indicates that the [plaintiff] is disabled[,]" and thus, I cannot recommend a remand solely for the determination of benefits.  *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).[1]

Accordingly, this matter is remanded to the Commissioner for further proceedings.  On remand, the Commissioner should evaluate the medical opinion from Dr. Hollandt in accordance with the applicable regulations; request Dr. Hollandt's treatment notes; offer Plaintiff the opportunity for a hearing; take any further action to complete the administrative record; and issue a new decision.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that the decision of the Commissioner is **REVERSED** and this case **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Memorandum-Decision and Order, and it is

**ORDERED**, that the Clerk enter judgment for **PLAINTIFF**.

Dated: April 27, 2021

*/s/ Andrew T. Baxter*
Andrew T. Baxter
U.S. Magistrate Judge

---

[1] As the Commissioner notes in his Memorandum of Law, the record contains evidence directly contradicting Dr. Hollandt's restrictive opinion that plaintiff could not meet the exertional requirements of even sedentary work. (Dkt. No. 24-1 at 1-2).